IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JONAS VALERA COLMENARES, | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-449-KC |
| MICHAEL WATKINS et al., | § § § | |
| Respondents. | § § | |

### ORDER

On this day, the Court considered Jonas Valera Colmenares' Petition for a Writ of Habeas Corpus, ECF No. 3. Valera Colmenares is held in immigration detention at the ERO El Paso Camp East Montana Detention Facility in El Paso, Texas. Pet. ¶ 2. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 13, 15.

Valera Colmenares appears to have been in the country for some time and was apprehended and detained by immigration authorities for the first time on September 2, 2025. *Id.* ¶¶ 11, 13; *id.* at 9. In its Show Cause Order, ECF No. 2, the Court noted that, "[a]s alleged, [Valera Colmenares'] case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025)." Show Cause Order 2. The Court thus asked Respondents to engage with its prior decisions and "explain whether the facts of Valera Colmenares' case warrant a different outcome." *Id.*

Respondents argue that Valera Colmenares' case must be dismissed following *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026). Resp. 1, ECF No. 6.

Valera Colmenares argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds. Pet. ¶¶ 13, 15. To the extent Valera Colmenares challenges his detention on statutory grounds, the *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Valera Colmenares' position to a bond hearing when they are detained pending removal proceedings. *Buenrostro-Mendez*, 2026 WL 323330, at *1. Therefore, Respondents are correct that *Buenrostro-Mendez* requires denial of the Petition in part as to any such statutory claim.

However, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation. *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted). "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'" *Id.* at *2 (citations omitted). Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez." *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them. *Compare* Resp. 1–23, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10, 2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez*, 2025 WL 2965859, at *1–5; *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 674–88 (W.D. Tex. 2025). Because Respondents have not identified any material differences

between Valera Colmenares' case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Valera Colmenares' procedural due process claim, it follows that the same result is warranted here. *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Valera Colmenares' Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before March 5, 2026**, Respondents shall either: (1) provide Valera Colmenares with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Valera Colmenares' continued detention; or (2) release Valera Colmenares from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before March 5, 2026**, Respondents shall **FILE** notice informing the Court whether Valera Colmenares has been released from custody. If Valera Colmenares has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

---

[1] To the extent there are fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3, and therefore grants relief without a hearing. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Valera Colmenares' requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either. *See, e.g.*, *Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

**IT IS FURTHER ORDERED** that if Valera Colmenares is released from custody, Respondents shall **RETURN** all of his personal property in their custody to him upon release. Such property includes, but is not limited to, identification documents.

**There will be no extensions of the March 5, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 26th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE